[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR RECONSIDERATIONOR IN THE ALTERNATIVE FOR ARTICULATION (#137)
On February 16, 1994, the plaintiffs, William and Diane Squier, filed a two-count, third revised complaint against the defendant, Natalie Heft. Count one sets CT Page 12229 forth a claim of fraudulent representation, while count two sets forth a claim of negligent misrepresentation. The plaintiffs allege, inter alia, that, during late December of 1992, and prior to January 18, 1993, they negotiated with the defendant for the purchase of the assets of the Country Store of Killingworth, Inc. The plaintiffs allege that, during the course of these negotiations, the defendant caused a statement to be prepared by her accountant entitled "Sale of Assets of the Country Store of Killingworth, Inc." ["document"].
The plaintiffs allege that when they questioned the defendant as to whether the document represented a complete disclosure of the assets and liabilities of the Country Store of Killingworth, Inc., the defendant answered that it did. The document failed to list a Federal Tax Lien, dated October 30, 1991, in the original amount of $9,476.47, which was allegedly filed against the Country Store of Killingworth, Inc. Additionally, the document failed to list a Notice of Assessment, dated June 8, 1993, in the amount of $11,955.86, which was allegedly sent to the plaintiffs because of tax liabilities incurred by the defendant between December, 1991 and January, 1993. The plaintiffs allege that the defendant knew or should have known her representation to be false, and that the false representation operated as a material inducement to the plaintiffs to purchase the assets of the corporation. Additionally, the plaintiffs allege that the defendant knew or should have known that the failure to disclose these tax liabilities would be misleading to the plaintiffs, and that, due to her partial disclosure, the defendant became bound by a duty to make full and complete disclosure.
On September 13, 1994, the defendant filed a motion for summary judgment, claiming that there are no material facts in dispute and that she is entitled to judgment as a matter of law, because, although reliance is an indispensable element of both of the plaintiffs' claims, no evidence of reliance exists in the record. In this regard, the defendant alleges that the plaintiffs' own testimony establishes that the plaintiffs could not have relied upon the misrepresentations in purchasing certain assets from the defendant, because the only misrepresentation allegedly relied upon by the plaintiffs CT Page 12230 — the response of the defendant to the plaintiffs' question regarding the accuracy of the document — occurred after the sale of the assets had already taken place.
On October 18, 1994, the plaintiffs filed a memorandum in opposition, asserting that genuine issues of material fact remain regarding the plaintiffs' claims of fraudulent representation and negligent misrepresentation. Specifically, the plaintiffs claim that a factual dispute exists concerning whether the plaintiffs' reliance — upon the defendant's response to the plaintiffs' question regarding the accuracy of the document — took place before or after the sale of the assets. Additionally, on this same date, the plaintiffs submitted an Affidavit of the plaintiff, William Squier.
On October 17, 1994, the court (Arena, J.) denied the defendant's motion for summary judgment. On October 20, 1994, the defendant filed a Motion for Reconsideration or, in the alternative, a Motion for Articulation. On November 21, 1994, the plaintiffs filed an objection to the defendant's motions.
In Nolan v. Borkowski, 206 Conn. 495 (1988), the Connecticut Supreme Court set forth the judicial standard governing a motion for summary judgment as follows:
 Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. The court must view the evidence in the light most favorable to the nonmovant. In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist.
(Citations omitted.) Id., 500. After reviewing the pleadings, affidavits and other proof submitted by the parties in the above-captioned case, the court concludes CT Page 12231 that genuine issues of material fact remain regarding when the plaintiffs received the document, when the alleged representation regarding the accuracy of the document was made, and when the sale of the assets took place.
According to the defendant, the plaintiffs did not receive a copy of the document until January 28, 1993. Affidavit of Natalie Heft, September 6, 1994. According to the plaintiffs, however, the representation made by the defendant regarding the document "was made during a meeting between the plaintiff William Squier and the defendant Natalie Heft at the site of the business in Killingworth at some time during late December, 1992 or early January, 1993." Plaintiffs' Revised Answers to Defendant Natalie Heft's First Set of Interrogatories, February 14, 1994.
Additionally, although William Squier's testimony before the court (PJR Hearing, October 25, 1993, Walsh, J.) indicates that he received the document "after the assets were already sold," this same testimony also indicates that the sale of the assets did not occur until "[d]uring the months of January and part of February [1993] when the bills were paid from [William Squier's] checking account to satisfy the debt"; and that the parties did not "enter into an agreement as to the amount of the sale of the assets" until the "[t]wenty-third or twenty-fourth of January [1993]," after having completed the "inventory and revaluation" of the assets of the store, and after having "determined the value of the assets of the corporation." Testimony of William Squier, October 25, 1993, at 20-22.
Finally, according to the defendant's accountant, Lawrence G. Stankus, the document was not prepared until after the inventory of the store had been taken. Testimony of Lawrence G. Stankus, January 13, 1994, at 26. Moreover, according to the plaintiffs, they received the document and questioned the defendant about its accuracy, prior to negotiating a purchase price for the assets of the corporation. Affidavit of William Squier, October 14, 1994. See also Testimony of William Squier, October 25, 1993, at 22. CT Page 12232
Viewing the evidence set forth above in the light most favorable to the nonmovant, the court cannot conclude that no genuine issues of material fact remain in this case, and that the defendant is entitled to judgment as a matter of law.
CONCLUSION
For the reasons herein stated, this court concludes that the plaintiffs' objection to the defendant's motion for reconsideration ought to be and is hereby sustained (#138), and the plaintiffs' objection to the defendant's motion for articulation is overruled, the court having articulated its ruling via this decision.
ARENA, J.